**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARK SAILLIEZ, on behalf of himself and all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) Case No. 21-cv-1118 |
| **PARSEC, INC.,** | ) ) |
| **Defendant.** | ) ) ) |

**NOTICE OF REMOVAL**

Defendant Parsec, Inc., by its attorneys Jody Kahn Mason, Jason A. Selvey, and Jonathan B. Cifonelli of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Circuit Court of Will County, Illinois, Twelfth Judicial Circuit, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

**Procedural History and Plaintiff's Allegations**

1. On January 15, 2021, Plaintiff Mark Sailliez ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Parsec, Inc. ("Defendant") in the Circuit Court of Will County, Illinois, Twelfth Judicial Circuit. The lawsuit is captioned *Mark Sailliez, on behalf of himself and all others similarly situated v. Parsec, Inc.*, and numbered 2021 CH 000012 (hereinafter the "State Court" action). A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

1

2.     The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by using a timekeeping system that allegedly collected, stored, and used the biometric identifiers and biometric information of Defendant's employees in a manner that purportedly violated the BIPA. According to Plaintiff: "In direct violation of [740 ILCS 14/15(a) and (b)] of the BIPA, Defendant is actively collecting, storing, and using — without providing notice, obtaining informed written consent or publishing data retention policies — the fingerprint and associated personally identifying information of thousands of Illinois residents whom Defendant has employed in Illinois." (Ex. A ¶ 4.) Plaintiff further claims that Defendant "never adequately informed any of its employees of its biometric collection practices, ever obtained written consent from any of its employees regarding its biometric practices, and never provided any data retention or destruction policies to any of its employees." (*Id.* ¶ 5). *See also id.* ¶¶ 35-37.

3.     For himself and each member of the putative class, Plaintiff seeks (1) injunctive and equitable relief; (2) statutory damages of $1,000.00 for each negligent violation pursuant to 740 ILCS 14/20(1) or, alternatively, $5,000.00 for each violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2); and (3) reasonable attorneys' fees, costs and litigation expenses pursuant to 740 ILCS 14/20(3). (*Id.* ¶ 39.)

4.     Plaintiff proposes certification of the following class: "All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois." (*Id.* ¶ 25.)

5.     Plaintiff served Defendant with the Summons and Complaint on January 26, 2021. Defendant has not filed an answer or other responsive pleading to the Complaint, nor has it appeared or made any arguments before the State Court.

**Timeliness of Removal**

6. Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

7. Here, for the reasons explained below, the grounds for removal are apparent on the face of the Complaint.

8. Defendant files this Notice of Removal on February 25, 2021, which is the thirtieth day after Plaintiff served the Complaint on Defendant on January 26, 2021. As such, this Notice of Removal is timely.

**Basis for Removal**

9. Removal is proper under the 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Here, and as further described below, Plaintiff's claims are subject to federal preemption, as Plaintiff was a union member whose employment was subject to the terms of a collective bargaining agreement with mandatory grievance and arbitration provisions, and adjudicating his claim would also require impermissible interpretation of that agreement.

11. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), provides for federal subject matter jurisdiction – and federal preemption – over "claims founded directly on rights created by collective-bargaining agreements, and also claims

3

'substantially dependent on analysis of a collective bargaining agreement.'" *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 U.S. Dist. LEXIS 32577, at *5 (N.D. Ill. Feb. 26, 2020) (holding that union member plaintiff's BIPA claims were preempted by Section 301 of the LMRA and dismissing case) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). As the Seventh Circuit has held, "[i]f the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 499 (7th Cir. 1996).

12. As is relevant here, Defendant employed Plaintiff from September 6, 2013 through February 19, 2018. (Exhibit B, Declaration of Cynthia Johnson, ¶ 4.)

13. Within the five years preceding the filing of Plaintiff's Complaint on January 15, 2021, Defendant was a party to collective bargaining agreements ("CBA") governing the employment of workers at Parsec's worksite in Elwood, Illinois known at the BNSF Logistics Park Chicago ("LPC"), which is where Plaintiff worked. (Ex. B ¶¶ 6-11.)

14. Specifically, the current controlling collective bargaining agreement for employees at the LPC site was entered into by Parsec and Teamsters Local No. 179 ("Local 179") and was effective as of July 23, 2018 (the "179 CBA"). It remains in effect today. (Ex. B ¶ 6.)

15. Previously, from August 29, 2011 until July 23, 2018 — which covers the entirety of Plaintiff's employment — the Truck Drivers, Chauffeurs, Warehousemen and Helper's Union Local 707 ("Local 707") represented bargaining unit employees at LPC, which is where Plaintiff worked. (Ex. B ¶ 7.)

16. During his employment with Defendant, Plaintiff was a member of Local 707 and, as such, the terms and conditions of his employment were subject to the terms of one of the Local

707 CBAs at all times. (*Id*. ¶ 11.) Among other things, in those CBAs, the Local 707 agreed to mandatory grievance and arbitration provisions which required Defendant, Local 707 and workers to grieve and arbitrate disputes involving the interpretation and application of the CBA. (*Id*. ¶ 9.)

17. Likewise, all three aforementioned CBAs entered into by Local 179 and Local 707 also contain broad management rights provisions. The First and Second 707 CBAs provide that Parsec "reserve[d] the full responsibility and authority to operate its business and to direct the working force subject to the terms of this Agreement, and retain[ed] all rights except as expressly limited by this Agreement." (*Id*. ¶ 10.) Similarly, the 179 CBA provides that Parsec "reserves the full responsibility and authority to operate its business and to direct the working force subject to the terms of this Agreement, and retains all rights except as expressly limited by" the 179 CBA. (*Id*.)

18. Section 301 of the LMRA grants exclusive jurisdiction to federal district courts over disputes involving interpretation of collective bargaining agreements to promote consistent resolution of labor disputes that must be decided under federal law. *See Allis-Chalmers Corp. v. Lueck*, 417 U.S. 202, 210-11 (1985); *see also Fernandez v. Kerry, Inc.*, 2020 U.S. Dist. LEXIS 64070, at *16-17 (N.D. Ill. Apr. 10, 2020) (holding that because plaintiffs' BIPA claims necessarily required interpretation of the collective bargaining agreement, they are preempted under the LMRA and, therefore, the district court had original jurisdiction over the claim and the case was removable).

19. The Seventh Circuit Court of Appeals has held that BIPA claims brought against an employer whose union contracts are subject to the Railway Labor Act, 45 U.S.C. §§ 151-188, which is analogous to the LMRA in respects relevant here, must be arbitrated even where the BIPA and biometric timekeeping systems were not expressly referenced in the collective

bargaining agreement. *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019). The court ruled that such issues were subject to mandatory bargaining, and whether the union consented on behalf of employees was a threshold issue. *See id.* Moreover, the "plaintiffs assert[ed] a right in common with all other employees, dealing with a mandatory subject of collective bargaining," and, thus, preemption applied. *Id.* at 904.

20. "The rule and reasoning of *Miller* apply to the LMRA because the RLA preemption standard is 'virtually identical to the preemption standard the Court employs in cases involving § 301 of the LMRA.'" *Gil v. True World Foods Chicago, LLC*, No. 20 C 2362, 2020 U.S. Dist. LEXIS 223092, at *6 (N.D. Ill. Nov. 30, 2020) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994)). Indeed, since the Seventh Circuit's ruling in *Miller*, "District courts within this circuit have uniformly followed *Miller* and have found that BIPA claims from unionized employees are preempted under federal labor law," including under Section 301 of the LMRA. *Gil*, 2020 U.S. Dist. LEXIS 223092, at *6 (following *Miller* and holding that "because plaintiffs' claims require interpretation of the [collective bargaining agreement], plaintiffs' BIPA claims are preempted by Section 301 of the LMRA" and therefore dismissing BIPA claims); *Peatry*, 2020 U.S. Dist. LEXIS 32577, at *12 (following *Miller* and holding same); *Gray v. University of Chicago Med. Ctr., Inc.*, No. 19-cv-04229, 2019 U.S. Dist. LEXIS 229536, at *11-12 (N.D. Ill. Mar. 25, 2020) (same); *Williams v. Jackson Park SLF, LLC*, No. 19-cv-8198, 2020 U.S. Dist. LEXIS 175625, at *3, 8 (N.D. Ill. Sept. 24, 2020) (same); *Fernandez v. Kerry, Inc.*, No. 17-cv-8971, 2020 U.S. Dist. LEXIS 223075, at *13-15 (N.D. Ill. Nov. 30, 2020) (same); *Roberson v. Maestro Consulting Servs. LLC*, No. 20-cv-00895-NJR, 2020 U.S. Dist. LEXIS 233868, at *30 (S.D. Ill. Dec. 14, 2020) (same).

21. Under these standards and the relevant provisions of the applicable CBAs, a court would be required to impermissibly interpret the relevant CBAs and their management rights provisions, among others, in order to adjudicate Plaintiff's BIPA claims. Thus, Plaintiff's claims are preempted under Section 301 of the LMRA, original federal jurisdiction exists, and removal to this Court is proper.

## **Venue and Procedural Steps**

22. The Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Will County, Illinois, which is located in the Northern District's Eastern Division.

23. As required by 28 U.S.C. §1446(a), the Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto as Exhibit C (with the Complaint being attached as Exhibit A).

24. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Will County.

25. By filing this Notice of Removal, Defendant does not waive any defenses to the claims Plaintiff asserts on behalf of himself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

**WHEREFORE**, Defendant Parsec, Inc. hereby removes case number 2021 CH 000012 pending in the Circuit Court of Will County, Illinois, Twelfth Judicial Circuit, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 25, 2021                          Respectfully submitted,

                                                             **PARSEC, INC.**

                               By:     *s/ Jason A. Selvey*
                                               One of Its Attorneys

Jason A. Selvey
Jody Kahn Mason
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jason.Selvey@jacksonlewis.com
Jody.Mason@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 25, 2021, he caused to be filed and served a true and correct copy of the foregoing *Notice of Removal* on the following counsel for the Plaintiff via electronic mail:

Cal Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd.
Chicago, IL 60604
malmstrom@whafh.com

*/s/ Jason A. Selvey*