# EXHIBITS

# EXHIBIT A

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000012
Filed Date: 1/15/2021 12:56 PM
Envelope: 11852469
Clerk: JH

## IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
## TWELFTH JUDICIAL CIRCUIT

MARK SAILLIEZ, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

PARSEC, INC.,

      Defendant.

Case No.: 2021CH000012

## CLASS ACTION COMPLAINT

Plaintiff Mark Sailliez, individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Parsec, Inc. ("Defendant"), and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel and the advice and consultation of certain third-party agents as to technical matters, and demands trial by jury:

### NATURE OF ACTION

1.    Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics,

---

[1]    A "biometric identifier" is a personal feature unique to an individual, such as a fingerprint, handprint, iris scan, scan of face geometry, among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

Initial case management set for 05/05/2021 at: 9:00 a.m.

however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.     In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprint and associated personally identifying information of thousands of Illinois residents whom Defendant has employed in Illinois.     Initially collected from employees prior to or early on in their employment, employees' fingerprint are stored by Defendant in an electronic database and used to, *inter alia,* allow employees to clock in and clock out of work.   Specifically, to allow employees to clock in and clock out of work in Illinois, Defendant collects (via an electronic scanning device) the employee's fingerprint and stores the fingerprint in its fingerprint database along with credentials corresponding to that employee.  Then, when an employee places his or

2

her fingerprint on one of Defendant's scanning devices to clock in and clock out of work, he or she is only granted access if the collected fingerprint matches a fingerprint stored in Defendant's database (which was collected during enrollment). Defendant forced Plaintiff and numerous other Illinois-based employees to enroll their fingerprints in its database.

5.      If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends. Yet Defendant never adequately informed any of its employees of its biometrics collection practices, never obtained written consent from any of its employees regarding its biometric practices, and never provided any data retention or destruction policies to any of its employees.

6.      Plaintiff brings this action to prevent Defendant from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

**PARTIES**

7.      Plaintiff is, and has been at all relevant times, a resident and citizen of Sheridan, Illinois.

8.      Defendant is a corporation that maintains its headquarters in Elwood, Illinois. Defendant provides intermodal rail transportation services in Illinois, including at its facility in Elwood, Illinois.

**JURISDICTION AND VENUE**

9.      The Court has personal jurisdiction over Defendant because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at a facility in Will

County, Illinois, (2) stored by Defendant at a facility in Will County, Illinois, and (3) used by Defendant at facilities in Will County, Illinois.

      10.    The Chancery Division is the appropriate venue for this action because it is a class action and, additionally, because it seeks declaratory and injunctive relief.

## FACTUAL BACKGROUND

### I.    Illinois's Biometric Information Privacy Act

      11.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

      12.    Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

      13.    As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA.

Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

## II.     Defendant Violates Illinois's Biometric Information Privacy Act

14.     Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its employees' fingerprints during the initial process of enrolling these individuals in its databases of fingerprints in Illinois, as well as whenever employees clock in and clock out of work at one of Defendant's Illinois-based locations where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

15.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

16.     In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

## III.    Plaintiff Mark Sailliez's Experience

17.     From approximately 2013 through January 2018, Plaintiff was employed by Defendant at its facility in Elwood, Illinois (the "Elwood Facility").

18.     During the course of Plaintiff's employment at the Elwood Facility, Defendant required Plaintiff to place his fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

19.     Plaintiff was required to use his fingerprint to clock in and clock out of work at the Elwood Facility on a daily basis during his employment. Plaintiff was required to place his finger on a fingerprint scanner, which scanned, collected and stored his fingerprint each time he attempted to clock in and clock out of work at the Elwood Facility. Defendant's sophisticated

5

fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprints previously stored in Defendant's fingerprint database, at which point Plaintiff was able to clock in and clock out of work at Defendant's Elwood Facility.

20. Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of his unique biometric identifiers or biometric information.

21. Further, Defendant never provided Plaintiff with nor did he ever sign a written release allowing Defendant to collect or store his unique biometric identifiers or biometric information.

22. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of his unique biometric identifiers or biometric information.

23. By collecting Plaintiff's unique biometric identifiers or biometric information without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to maintain control over his biometrics.

24. Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying his biometric identifiers and biometric information.

## CLASS ALLEGATIONS

25. **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have

6

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to at least hundreds and possibly thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

27. **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's fingerprints;

(b) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(c) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(d) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

7

biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f) whether Plaintiff's and the Class's biometric information that Defendant collected was capable of identifying them; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

28. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

29. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and

8

protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

### FIRST CAUSE OF ACTION
#### Violation of 740 ILCS 14/1, *et seq.*
#### (On Behalf of Plaintiff and the Class)

30.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.     BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

32.     Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

33.     Plaintiff and the Class members are individuals who had their fingerprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

34.     Plaintiff and the Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom a particular fingerprint belongs.

35.     Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

36.     In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or

9

otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

37.     In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

38.     Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

39.     On behalf of himself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Sailliez, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia,* an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: January 15, 2021

Respectfully submitted,

/s/ *Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and the Putative Class***

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*

11

1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
        dhall@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SAILLIEZ, on behalf of himself and all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.** |
| **PARSEC, INC.,** | ) ) | |
| **Defendant.** | ) ) ) ) | |

## AFFIDAVIT OF CYNTHIA JOHNSON

I, Cynthia Johnson, having been duly sworn, do hereby attest and state as follows, based upon my personal knowledge and the information I received from others with personal knowledge regarding the subjects set forth herein:

1.     I am over the age of 18 years and competent to testify in this matter. If called upon as a witness, I could and would competently testify to the matters contained herein.

2.     I currently hold the position of Director of Human Resources for Parsec, Inc. ("Parsec"). In my position, I am responsible for all types of human resources functions for Parsec, including those relating to the employees at Parsec's worksite in Elwood, Illinois known at the BNSF Logistics Park Chicago ("LPC"). I have held this position since October 2016.

3.     In my role as Director of Human Resources, I am able to determine Parsec employees' start dates, end dates, work locations, positions and union membership statuses by accessing Parsec's human resources information system and related files.

4.     Mark Sailliez ("Sailliez"), the plaintiff in the above-captioned case, worked for Parsec at the Elwood, Illinois LPC site from September 6, 2013 through February 19, 2018.

5.    In my role as Director of Human Resources, I am also familiar with the unions that represent bargaining unit employees at Parsec worksites and the controlling collective bargaining agreements entered into between such unions and Parsec.

6.    The controlling collective bargaining agreement for employees at the LPC site was entered into by Parsec and Teamsters Local No. 179 ("Local 179") and was effective as of July 23, 2018 (the "179 CBA"). It remains in effect today.

7.    Previously, from August 29, 2011 until July 23, 2018 — which covers the duration of Sailliez's employment at Parsec — the Truck Drivers, Chauffeurs, Warehousemen and Helper's Union Local 707 ("Local 707") represented bargaining unit employees at the LPC site. A collective bargaining agreement for the LPC site and its bargaining unit employees entered into by Parsec and Local 707 was effective as of August 29, 2011, and remained in effect until August 31, 2014 ("the First 707 CBA").

8.    Another collective bargaining agreement for the LPC site that governed the employment of bargaining unit employees and was entered into by Parsec and Local 707 was effective as of September 1, 2014, and remained in effect until July 23, 2018 ("the Second 707 CBA").

9.    Among other things, the First 707 CBA, Second 707 CBA, and 179 CBA contain(ed) mutual mandatory grievance and arbitration provisions in which Local 707 and Local 179 and bargaining unit employees at LPC agreed to grieve and arbitrate disputes involving the interpretation and application of the First 707 CBA and Second 707 CBA, as well as the 179 CBA.

10.    Likewise, all three CBAs also contain broad management rights provisions. For example, the First and Second 707 CBAs provide that Parsec "reserve[d] the full responsibility and authority to operate its business and to direct the working force subject to the terms of this

Agreement, and retain[ed] all rights except as expressly limited by this Agreement." Similarly, the 179 CBA provides that Parsec "reserves the full responsibility and authority to operate its business and to direct the working force subject to the terms of this Agreement, and retains all rights except as expressly limited by" the 179 CBA.

11.     Sailliez was a member of Local 707 throughout the entirety of his employment with Parsec. As such, Sailliez's employment was subject to the terms of the First 707 CBA or Second 707 CBA throughout the entirety of his employment.


THIS DECLARANT STATES NOTHING FURTHER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 25, 2021

_____

Cynthia Johnson

# EXHIBIT C

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**     **1 OF 1**

**SHIP TO:**
BRIAN SCHWARTZ
5136216111
BUDIG ENTERPRISES, INC.
1100 GEST ST
C/O BUDIG ENTERPRISES INC.
**CINCINNATI OH 45203**

## OH 452 9-54

## UPS NEXT DAY AIR    **1**

TRACKING #: 1Z X21 278 01 0522 0336

BILLING: P/P

Reference No.1: SOP/2401130/538944593/CT SOP Custo

XOL 21.01.02     NV45 42.0A 01/2021*

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 34
SafetySeal(10176)

1674534

40

Origin: Wolters Kluwer UPS 562130

# CT Packing Slip

CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780105220336 |
| **Created By :** | Kashyap Shukla |
| **Created On :** | 01/26/2021 01:59 PM |
| **Recipient :** | |

**Brian Schwartz**

| | |
|---|---|
| Title : | -- |
| Customer : | Budig Enterprises, Inc. |
| Address : | 1100 Gest St |
| Email : | Bschwartz@parsecinc.com |
| Phone : | 513-621-6111      Fax :   513-621-4330 |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 538944593 | 2021CH000012 | PARSEC, INC. |

 CT Corporation

**Service of Process Transmittal**
01/26/2021
CT Log Number 538944593

TO: Brian Schwartz
Budig Enterprises, Inc.
1100 Gest St, C/O Budig Enterprises Inc.
Cincinnati, OH 45203-1114

RE: **Process Served in Illinois**

FOR: PARSEC, INC. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Sailliez, etc., Pltf. vs. Parsec, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH000012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2021 at 11:43 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780105220336 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.


Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**   Tue, Jan 26, 2021

**Server Name:**   Sheriff Drop

| Entity Served | PARSEC, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2021CH00012 |
| Jurisdiction | IL |



This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| Will_____ COUNTY | | FOREIGN |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Mark Sailliez | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Parsec, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | 2021CH000012<br>**Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** | **Information about the lawsuit:** |
|---|---|---|

**1.** **Information about the lawsuit:**

Amount claimed:  $_____

**2.** **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  Carl V. Malmstrom

Street Address, Apt #:  111 W. Jackson Blvd., Suite 1700

City, State, ZIP:  Chicago

Telephone:  3129840000

See attached for additional Plaintiff/Petitioner contact information

**3.** **Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*:  Registered Agent: CT Corporation System

Street Address, Apt #:  208 S. LaSalle St., Suite 814

City, State, ZIP:  Chicago, IL 60604

Telephone:  _____

See attached for additional Defendant/Respondent contact information

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In **3**, enter the name of the person you are suing and their address.
If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: _____

| | **4.** | **Instructions for person receiving this form (Defendant/Respondent):** |

In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: Will County Courthouse,100 W. Jefferson St.
City, State, ZIP: Joliet, IL 60432

---

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** **01/21/2021**

**Clerk of the Court:** *Andrea Lynn Chasteen*

*Seal of Court*

---

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

---

**Plaintiff/Petitioner:**

To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

---

**Attention:**

E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

---

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. |
|---|

**My name is** _____ **and I swear under oath**
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____

Height: _____  Weight: _____

On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
                              *First, Middle, Last*

Male: ☐  Female: ☐  Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                                                      *First, Middle, Last*

On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| DO NOT complete this section. The sheriff, or private process server will complete it. | **By:** |
|---|---|

_____
*Signature*

_____
*Print Name*

**FEES**

| | |
|---|---|
| By certified/registered | $ _____ |
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total $ _____ | |

STATE OF ILLINOIS      )
                           ) SS.
COUNTY OF WILL     )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

### ADMINISTRATIVE ORDER NO. 2020-20

---

### REMOTE APPEARANCES IN CIVIL MATTERS

WHEREAS, the Court has entered Administrative Orders to authorize modifications to Court proceedings and protocols in light of the COVID-19 health emergency;

WHEREAS, the Federal government, State government and the Centers for Disease Control have issued Orders and recommendations that individuals maintain social distancing in order to reduce the spread of COVID-19;

WHEREAS, the Civil Division of the Twelfth Judicial Circuit wishes to use remote appearances in order to reduce the number of individuals having to appear in person before the Court;

THEREFORE, IT IS HEREBY ORDERED THAT pursuant to Administrative Orders 2020-08 and 2020-16, the Civil Division sets forth the following procedures for remote appearances in civil cases:

1. Until further notice, cases currently scheduled before the Court after May 31, 2020, shall be conducted by remote appearance via Zoom. The Circuit Clerk is Ordered to notify all parties of record.
2. This Order shall be served with all issued summons, including those issued with the filing of a new lawsuit.
3. Attorneys and self-represented litigants shall appear at the remote proceeding by Zoom or telephone. If a party is unable to participate by Zoom or telephone, the party is required to appear at the courthouse and comply with all face-covering and social distancing requirements.
4. The attached Remote Court Instructions are adopted included with this Order.
5. All participants are responsible for accessing and joining the Zoom proceeding. The Court will not contact the parties to join the proceeding.
6. All attorneys and self-represented litigants must provide and update e-mail address(es) and phone number(s) through the Circuit Clerk's website at www.circuitclerkofwillcounty.com.
7. All courtroom rules and procedures shall also be observed in all remote proceedings, including use of proper decorum, proper dress, and appropriate language.
8. Recording of these proceedings is strictly prohibited. The official Court record will continue to be created electronically or by a certified court reporter.
9. Attorneys shall submit a proposed Order by the end of the business day through EFile IL.
10. Failure to appear, whether through the Zoom call or in person, may result in a default judgment.

This Order is effective immediately.

DATED THIS _19_ DAY OF MAY, 2020.

                                      Richard C. Schoenstedt, Chief Judge

Circuit Clerk (Original)
Judges
State's Attorney
Will County Bar Associations

## Remote Court Instructions for Participants

Court in the Annex rooms A117, A129, A201, A227, A236, Rms 803, 1001 & 1002 in the main courthouse and Rm 2 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

### Meeting ID

The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted).

J. Anderson (Rm A236) – 930 2919 0133
J. Jarz (Rm  803 ) – 919 7619 1672
J. O'Leary (Rm A227) - 556 881 0712
J. Osterberger(Rm 1002)– 954 9877 7674
J. Petrungaro (Rm A117)  - 992 7448 0487
J. Rickmon (Rm A201) – 959 2357 1680
J. Rossi (Rm A129) - 912 2466 3711
J. Allen(Rm 1001)- 719 811 8159
J. Pavich (Rm 002) -  963 988 4732

### Password

Once you login, you will be asked for a password to join the meeting.

The password for each judge is listed below and will always remain the same:

J. Anderson (Rm A236) – 236236
J. Jarz (Rm   803 ) – 311311
J. O'Leary (Rm A227) - 227227
J. Osterberger(Rm 1002)– 111111
J. Petrungaro (Rm A117) - 117117
J. Rickmon (Rm A201) - 201201
J. Rossi  (Rm A129) - 129129
J. Allen (Rm 1001)- 002002
J. Pavich  (Rm 002) - 002002

### Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3. Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box may ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

### Procedure for using Zoom on cell phone:

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box may ask for the password. Input the assigned judge's password.

6. Tap 'Join with video."

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

### Procedure for using Zoom on a landline or phone without Zoom app:

1.Dial one of the below US dial-in numbers:

United States of America
+1 312 626 6799
+1 929 436 2866
+1 301 715 8592
+1 669 900 6833
+1 253 215 8782
+1 346 248 7799

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

**The Judge may mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

DIE DATE
02/08/2021

DOC.TYPE:     CHANCERY
CASE NUMBER:   2021CH000012
DEFENDANT
PARSEC INC
208 S LASALLE ST
CHICAGO, IL 60604
SUITE 814

SERVICE INF
CT CORPOR
REGISTER

ATTACHED

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Will _____ COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Mark Sailliez | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Parsec, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | 2021CH000012<br>**Case Number** |

**1.  Information about the lawsuit:**

Amount claimed:  $ _____

*In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.*

**2.  Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last):*  Carl V. Malmstrom

Street Address, Apt #:  111 W. Jackson Blvd., Suite 1700

City, State, ZIP:  Chicago

Telephone:  3129840000

See attached for additional Plaintiff/Petitioner contact information

*In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an Additional Plaintiff/Petitioner Contact Information form.*

**3.  Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last):*  Registered Agent: CT Corporation System

Street Address, Apt #:  208 S. LaSalle St., Suite 814

City, State, ZIP:  Chicago, IL 60604

Telephone: _____

See attached for additional Defendant/Respondent contact information

*In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an Additional Defendant/Respondent Contact Information form.*

| **Important Information for the person receiving this form:** | You have been sued.<br><br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br><br>• Your written appearance/answer must be filed on time and in the proper form.<br><br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br><br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk:_____

<table>
<tr>
<td>In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.</td>
<td>

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:<br>
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>
Address: _____ Court Room: _____<br>
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:<br>
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>
Address: _____<br>
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>
Address:  Will County Courthouse,100 W. Jefferson St.<br>
City, State, ZIP:  Joliet, IL 60432

</td>
</tr>
</table>

<table>
<tr>
<td>

**STOP!**

The Circuit Clerk will fill in this section.

</td>
<td>

**Witness this Date:** _____**01/21/2021**_____

**Clerk of the Court:**  *Andrea Lynn Chasteen*

</td>
<td>*Seal of Court*</td>
</tr>
</table>

<table>
<tr>
<td>

**STOP!**

The officer or process server will fill in the Date of Service.

</td>
<td>

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____<br>
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

</td>
</tr>
</table>

<table>
<tr>
<td>**Plaintiff/Petitioner:**</td>
<td>To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.</td>
</tr>
</table>

<table>
<tr>
<td>**Attention:**</td>
<td>E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.</td>
</tr>
</table>

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

DO NOT complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐ Female: ☐ Approx. Age: _____ Hair Color: _____

Height: _____ Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
                  *First, Middle, Last*

Male: ☐ Female: ☐ Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                                 *First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| | By: |
|---|---|

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

_Signature_

_Print Name_

**FEES**

By certified/registered   $ _____

Service and Return   $ _____

Miles: _____   $ _____

Total   $ _____

STATE OF ILLINOIS )
) SS.
COUNTY OF WILL )

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
# WILL COUNTY, ILLINOIS

### ADMINISTRATIVE ORDER NO. 2020-20

---

### REMOTE APPEARANCES IN CIVIL MATTERS

WHEREAS, the Court has entered Administrative Orders to authorize modifications to Court proceedings and protocols in light of the COVID-19 health emergency;

WHEREAS, the Federal government, State government and the Centers for Disease Control have issued Orders and recommendations that individuals maintain social distancing in order to reduce the spread of COVID-19;

WHEREAS, the Civil Division of the Twelfth Judicial Circuit wishes to use remote appearances in order to reduce the number of individuals having to appear in person before the Court;

**THEREFORE, IT IS HEREBY ORDERED THAT** pursuant to Administrative Orders 2020-08 and 2020-16, the Civil Division sets forth the following procedures for remote appearances in civil cases:

1. Until further notice, cases currently scheduled before the Court after May 31, 2020, shall be conducted by remote appearance via Zoom. The Circuit Clerk is Ordered to notify all parties of record.
2. This Order shall be served with all issued summons, including those issued with the filing of a new lawsuit.
3. Attorneys and self-represented litigants shall appear at the remote proceeding by Zoom or telephone. If a party is unable to participate by Zoom or telephone, the party is required to appear at the courthouse and comply with all face-covering and social distancing requirements.
4. The attached Remote Court Instructions are adopted included with this Order.
5. All participants are responsible for accessing and joining the Zoom proceeding. The Court will not contact the parties to join the proceeding.
6. All attorneys and self-represented litigants must provide and update e-mail address(es) and phone number(s) through the Circuit Clerk's website at www.circuitclerkofwillcounty.com.
7. All courtroom rules and procedures shall also be observed in all remote proceedings, including use of proper decorum, proper dress, and appropriate language.
8. Recording of these proceedings is strictly prohibited. The official Court record will continue to be created electronically or by a certified court reporter.
9. Attorneys shall submit a proposed Order by the end of the business day through EFile IL.
10. Failure to appear, whether through the Zoom call or in person, may result in a default judgment.

This Order is effective immediately.

DATED THIS *19* DAY OF MAY, 2020.

_____
Richard C. Schoenstedt, Chief Judge

Circuit Clerk (Original)
Judges
State's Attorney
Will County Bar Associations

# Remote Court Instructions for Participants

Court in the Annex rooms A117, A129, A201, A227, A236, Rms 803, 1001 & 1002 in the main courthouse and Rm 2 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

| Meeting ID | Password |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted). | Once you login, you will be asked for a password to join the meeting.<br><br>The password for each judge is listed below and will always remain the same: |
| J. Anderson (Rm A236) – 930 2919 0133 | J. Anderson (Rm A236) – 236236 |
| J. Jarz (Rm 803 ) – 919 7619 1672 | J. Jarz (Rm 803 ) – 311311 |
| J. O'Leary (Rm A227) - 556 881 0712 | J. O'Leary (Rm A227) – 227227 |
| J. Osterberger(Rm 1002)– 954 9877 7674 | J. Osterberger(Rm 1002)– 111111 |
| J. Petrungaro (Rm A117) - 992 7448 0487 | J. Petrungaro (Rm A117) - 117117 |
| J. Rickmon (Rm A201) – 959 2357 1680 | J. Rickmon (Rm A201) – 201201 |
| J. Rossi (Rm A129) - 912 2466 3711 | J. Rossi (Rm A129) - 129129 |
| J. Allen(Rm 1001)- 719 811 8159 | J. Allen (Rm 1001)- 002002 |
| J. Pavich (Rm 002) - 963 988 4732 | J. Pavich (Rm 002) - 002002 |

## Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3. Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box may ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

## Procedure for using Zoom on cell phone:

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box may ask for the password. Input the assigned judge's password.

6. Tap 'Join with video."

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

## Procedure for using Zoom on a landline or phone without Zoom app:

1.Dial one of the below US dial-in numbers:

| | |
|---|---|
| United States of America | +1 312 626 6799 |
| | +1 929 436 2866 |
| | +1 301 715 8592 |
| | +1 669 900 6833 |
| | +1 253 215 8782 |
| | +1 346 248 7799 |

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

**The Judge may mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

**DIE DATE**
02/08/2021

DOC.TYPE:      CHANCERY
CASE NUMBER:   2021CH000012
DEFENDANT
PARSEC INC
208 S LASALLE ST
CHICAGO, IL 60604
SUITE 814

**SERVICE INF**
CT CORPOR
REGISTEREI

**ATTACHED**

Andrea Lynn Chastee
Will County Circuit Cler
Twelfth Judicial Circuit Cou
Electronically File
2021CH00001
Filed Date: 1/15/2021 12:56 PI
Envelope: 1185246
Clerk: JI

## IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
## TWELFTH JUDICIAL CIRCUIT

| | |
|---|---|
| MARK SAILLIEZ, on behalf of himself and all others similarly situated, | Case No.: 2021CH000012 |
| Plaintiff, | |
| v. | |
| PARSEC, INC., | |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiff Mark Sailliez, individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Parsec, Inc. ("Defendant"), and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel and the advice and consultation of certain third-party agents as to technical matters, and demands trial by jury:

### NATURE OF ACTION

1.     Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics,

---

[1]     A "biometric identifier" is a personal feature unique to an individual, such as a fingerprint, handprint, iris scan, scan of face geometry, among others.

[2]     "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

Initial case management set for
05/05/2021     at: 9:00     a.m.

however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.     In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprint and associated personally identifying information of thousands of Illinois residents whom Defendant has employed in Illinois. Initially collected from employees prior to or early on in their employment, employees' fingerprint are stored by Defendant in an electronic database and used to, *inter alia*, allow employees to clock in and clock out of work. Specifically, to allow employees to clock in and clock out of work in Illinois, Defendant collects (via an electronic scanning device) the employee's fingerprint and stores the fingerprint in its fingerprint database along with credentials corresponding to that employee. Then, when an employee places his or

her fingerprint on one of Defendant's scanning devices to clock in and clock out of work, he or she is only granted access if the collected fingerprint matches a fingerprint stored in Defendant's database (which was collected during enrollment). Defendant forced Plaintiff and numerous other Illinois-based employees to enroll their fingerprints in its database.

5.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends. Yet Defendant never adequately informed any of its employees of its biometrics collection practices, never obtained written consent from any of its employees regarding its biometric practices, and never provided any data retention or destruction policies to any of its employees.

6.     Plaintiff brings this action to prevent Defendant from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## PARTIES

7.     Plaintiff is, and has been at all relevant times, a resident and citizen of Sheridan, Illinois.

8.     Defendant is a corporation that maintains its headquarters in Elwood, Illinois. Defendant provides intermodal rail transportation services in Illinois, including at its facility in Elwood, Illinois.

## JURISDICTION AND VENUE

9.     The Court has personal jurisdiction over Defendant because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at a facility in Will

County, Illinois, (2) stored by Defendant at a facility in Will County, Illinois, and (3) used by Defendant at facilities in Will County, Illinois.

      10.    The Chancery Division is the appropriate venue for this action because it is a class action and, additionally, because it seeks declaratory and injunctive relief.

## FACTUAL BACKGROUND

### I.    Illinois's Biometric Information Privacy Act

      11.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

      12.    Section 15(a) of BIPA also provides:
> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

      13.    As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA.

Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

## II.     Defendant Violates Illinois's Biometric Information Privacy Act

14.     Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its employees' fingerprints during the initial process of enrolling these individuals in its databases of fingerprints in Illinois, as well as whenever employees clock in and clock out of work at one of Defendant's Illinois-based locations where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

15.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

16.     In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

## III.     Plaintiff Mark Sailliez's Experience

17.     From approximately 2013 through January 2018, Plaintiff was employed by Defendant at its facility in Elwood, Illinois (the "Elwood Facility").

18.     During the course of Plaintiff's employment at the Elwood Facility, Defendant required Plaintiff to place his fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

19.     Plaintiff was required to use his fingerprint to clock in and clock out of work at the Elwood Facility on a daily basis during his employment.  Plaintiff was required to place his finger on a fingerprint scanner, which scanned, collected and stored his fingerprint each time he attempted to clock in and clock out of work at the Elwood Facility.  Defendant's sophisticated

fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprints previously stored in Defendant's fingerprint database, at which point Plaintiff was able to clock in and clock out of work at Defendant's Elwood Facility.

20.    Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of his unique biometric identifiers or biometric information.

21.    Further, Defendant never provided Plaintiff with nor did he ever sign a written release allowing Defendant to collect or store his unique biometric identifiers or biometric information.

22.    Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of his unique biometric identifiers or biometric information.

23.    By collecting Plaintiff's unique biometric identifiers or biometric information without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to maintain control over his biometrics.

24.    Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying his biometric identifiers and biometric information.

## CLASS ALLEGATIONS

25.    **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to at least hundreds and possibly thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

27.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)   whether Defendant collected or otherwise obtained Plaintiff's and the Class's fingerprints;

(b)   whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(c)   whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(d)   whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(e)   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f)  whether Plaintiff's and the Class's biometric information that Defendant collected was capable of identifying them; and

(g)  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

28.  **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

29.  **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and

protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

### FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

32. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

33. Plaintiff and the Class members are individuals who had their fingerprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

34. Plaintiff and the Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom a particular fingerprint belongs.

35. Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

36. In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or

otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

37.     In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

38.     Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

39.     On behalf of himself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Sailliez, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B.  Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C.  Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E.  Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: January 15, 2021

Respectfully submitted,

/s/   *Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*

1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
       dhall@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**

Andrea Lynn Chastee
Will County Circuit Cler
Twelfth Judicial Circuit Cour
Electronically File
2021CH00001
Filed Date: 1/19/2021 2:08 PM
Envelope: 1188376
Clerk: AHI

IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
TWELFTH JUDICIAL CIRCUIT

|  |  |
|---|---|
| MARK SAILLIEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PARSEC, INC.,<br><br>        Defendant. | Case No.: **2021CH000012** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Mark Sailliez, individually and on behalf of all others similarly situated, by and through his undersigned attorneys, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following class (sometimes collectively referred to as the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

Plaintiff hereby reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

In support of his motion,[2] Plaintiff states as follows:

---

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

1.      **Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seeks damages from Defendant for Defendant's alleged violations of the Illinois Biometric Privacy Act, 740 ILCS 14/1, *et seq.*, in connection with its collection, storage, and usage of its employees' fingerprints.

This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq.* Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation. As discussed below, each of these requirements is satisfied:

2.      **Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, as alleged in the Complaint, the exact number of class members is known only to Defendant, but in the absence of any discovery to date, that the number is believed to be at least in the hundreds and possibly thousands. Compl. ¶ 26.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file his opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at **24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

3. **Commonality** – 735 ILCS 5/2-801(2). The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely employees and former employees whose fingerprints were recorded by Defendants.

In this case, the common questions of law or fact include, among others:

(a)   whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)   whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c)   whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d)   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)   whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)   whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

Compl. ¶ 27.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged class, commonality is easily established here. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

4.      **Adequacy** – 735 ILCS 5/2-801(3). The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 28.

5.      **Appropriateness** – 735 ILCS 5/2-801(4). The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are at least hundreds and possibly thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 29.

**WHEREFORE**, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2) appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated:  January 19, 2021            Respectfully submitted,

/s/    *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
    dhall@hedinhall.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*